IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DARYL LAMONT REDD**                                                       **PETITIONER**

**v.**                                                      **No. 1:25CV37-SA-RP**

**YCRCF (MDOC)**                                                 **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Daryl Lamont Redd for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). The petitioner has not responded to the motion, and the deadline to do so has expired.[1] The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed *with prejudice* as untimely filed.

### Facts and Procedural Posture[2]

In his federal petition for writ of *habeas corpus*, Redd challenges his 2022 aggravated assault conviction and sentence in the Webster County Circuit Court. Doc. 1.

**Conviction and Sentence**

Redd was indicted for two counts of aggravated assault in the Webster County Circuit Court. **Exhibit A**; *see also* Doc. 11-1 at 14 (SCR, 2022-KA-175-SCT, Vol. 1 at 13).[3] On January 21, 2022, a jury found Redd guilty of aggravated assault in Count 1 but not guilty of aggravated

---

[1] The petitioner submitted a document after the State's motion to dismiss was filed; however, the document does not address the timeliness of the petition – the dispositive issue in this case.

[2] The court has drawn the facts and procedural posture from the State's motion to dismiss the instant petition for writ of *habeas corpus*, as they are both well-documented and uncontested.

[3] The exhibits referenced in this memorandum opinion may be found attached to the State's motion to dismiss.

assault in Count 2.  **Exhibit B** (Judgment); *see also* Doc. 11-1 at 65–70; Doc. 11-3 at 120 (SCR, 2022-KA-175-SCT, Vol. 1 at 68–69; Vol. 3 at 268).  On February 4, 2022, the Webster County Circuit Court sentenced Redd to serve a term of twenty years in the custody of the Mississippi Department of Corrections (MDOC), with fifteen years to serve and five years of post-release supervision.  **Exhibit B**; *see also* Doc. 11-1 at 69–70; Doc. 11-3 at 150 (SCR, 2022-KA-175-SCT, Vol. 1 at 68–69; Vol. 3 at 298).

**Direct Appeal**

On appeal, Redd argued that:  the evidence was insufficient to support the jury's verdict and/or the verdict was against the overwhelming weight of the evidence; the trial court erred by failing to rule on his speculation objection; the State argued facts not in evidence during closing argument; and the jury venire failed to provide an adequate number of potential members of Redd's race.  Doc. 11-5 (SCR, 2022-KA-175-SCT, Brief of Appellant).  On July 27, 2023, the Mississippi Supreme Court rejected Redd's arguments and affirmed his aggravated assault conviction and sentence.  **Exhibit C** (*Redd v. State*, 368 So. 3d 306 (Miss. 2023)).  Redd did not seek rehearing in the Mississippi Supreme Court or file a certiorari petition in the United States Supreme Court.

**PCR Motion**

Nearly a year later, on July 1, 2024, Redd submitted a motion for post-conviction collateral relief (PCR) to the Mississippi Supreme Court challenging his aggravated assault conviction and sentence.  Doc. 11-7 at 5–109 (SCR, Cause No. 2024-M-796).  Redd argued (including but not limited to) due process, *Brady*, and perjury violations, challenged jury instructions, and claimed a violation of his right to present his "lawful defense."  Doc. 11-7 at 5–109 (SCR, Cause No. 2024-M-796).  On September 27, 2024, the Mississippi Supreme Court "denied" Redd's PCR motion and determined that his claims were "barred because they were capable of being raised at trial or

on direct appeal." **Exhibit D** (citing Miss. Code Ann. § 99-39-21 (Rev. 2020)); Doc. 11-7 at 3 (SCR, Cause No. 2024-M-796). The court alternatively determined that "notwithstanding the bar," Redd's PCR motion did "not present a substantial showing of the denial of a state or federal right." **Exhibit D** (citing Miss. Code Ann. § 99-39-27(5) (Rev. 2020)); Doc. 11-7 at 3 (SCR, Cause No. 2024-M-796).

### Federal Petition for Writ of *Habeas Corpus*

Redd filed his federal petition for writ of *habeas corpus* on March 13, 2025 (with a signature date of February 24, 2025) challenging his aggravated assault conviction and sentence. Doc. 1. Redd argues that he received ineffective assistance of counsel and alleges Confrontation Clause, jury trial, and due process violations. Doc. 1. In response to paragraph 18 on the timeliness of his petition, Redd merely writes "N/A." Doc. 1 at 13.

### One-Year Limitations Period

The instant petition for writ of *habeas corpus* is untimely filed. Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

**Redd's Conviction Became Final on October 25, 2023**

Barring application of the exceptions of § 2244(d)(1)(B–D), the Antiterrorism and Effective Death Penalty Act (AEDPA) requires that a petitioner's federal *habeas corpus* petition be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court.[4] *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003); *Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson,* 154 F.3d 196, 199 n.1 (5th Cir. 1998).

**Redd Enjoys 89 Days of Statutory Tolling While His PCR Was Pending**

Redd enjoys statutory tolling of his one-year federal *habeas corpus* limitations period because he properly filed an application for state post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2), *before* October 25, 2025, the date his federal habeas statute of limitations expired. Redd properly filed his PCR motion on July 1, 2024, and the Mississippi Supreme Court denied it on September 27, 2024. Redd is thus entitled to 89 days of statutory tolling during the pendency of his PCR motion. *See Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009) (a "state petition for [post-conviction relief] is 'pending' for AEDPA tolling purposes on the day it

---

[4] The narrow exceptions of § 2244(d)(1)(B–D) do not apply in this case. Redd has not alleged an impediment to filing under § 2244(d)(1)(B), a new constitutional right made retroactive on collateral review under § 2244(d)(1)(C), or the existence of any valid factual predicate under § 2244(d)(1)(D).

is filed through (and including) the day it is resolved"). With statutory tolling, Redd's new deadline became January 22, 2025 (October 25, 2024 + 89 days).

**Redd Does Not Enjoy Equitable Tolling**

Redd does not enjoy equitable tolling of the limitations period. The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir. 2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir. 2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted). The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), modified on reh'g, 223 F.3d 797 (per curiam). To meet his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *Lawrence v. Fla.*, 549 U.S. 327, 336, 127 S.Ct. 1079, 166 L.Ed. 2d 924 (2007) (applied in the context of the one-year limitations period under 28 U.S.C. § 2255). He did not pursue his rights diligently, as he waited some 11 months after the Mississippi Supreme Court affirmed his aggravated assault conviction in late July 2023 to file his PCR motion. Further, he has not alleged that an external factor prevented him from filing his PCR motion on time.

In any event, Redd waived any argument regarding equitable tolling, as he wrote "N/A" in response to paragraph 18 of the form petition – the part regarding equitable tolling. He likewise

has offered no facts or argument to support equitable tolling. For these reasons, equitable tolling does not apply in the instant case, and his federal *habeas corpus* filing deadline remained January 22, 2025.

**Timeliness Calculation**

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on February 24, 2025, and the date it was received and stamped as "filed" in the district court on March 13, 2025. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed over a month after the January 22, 2025, filing deadline. As discussed, the petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 7th day of January, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE